IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-01023-WDM-PAC

ZUHAIR T. MAHD,

      Plaintiff,

v.

MICHAEL CHERTOFF, Secretary, Department of Homeland Security;
EMILION T. GONZALEZ, Director, United States Customs and Immigration Services;
MARIO ORTIZ, District Director, Denver Office, United States Customs and Immigration Services; and
ROBERT MUELLER, Director, Federal Bureau of Investigation,

      Defendants.

---

## ORDER OF REMAND

---

Miller, J.

      Plaintiff Zuhair T. Mahd (Plaintiff) seeks a hearing on his naturalization application under Section 336(b) of the Immigration and Nationality Act, 8 U.S.C. § 1447(b).  The matter before the court is the Motion to Dismiss Petition Pursuant to Fed. R. Civ. P. 12(b)(1) or, in the Alternative for an Order to Remand the Matter to USCIS Pending Completion of Background Checks or to Hold the Matter in Administrative Abeyance (Docket No. 8), filed August 9, 2006, by defendants Michael Chertoff, Emilion T. Gonzalez, Mario Ortiz, and Robert Mueller (Defendants).  The motion is fully briefed and I have determined that oral argument would not be of material assistance.

<u>Background</u>

      Plaintiff is a citizen of Jordan who became a lawful permanent resident of the United

States on November 10, 1999.  Complaint, at 2.  He filed an application for naturalization (N-400) on September 7, 2004 and was interviewed by the United States Customs and Immigration Service (USCIS) on December 10, 2004.  *Id.*, Ex. 1.  Plaintiff's application for naturalization is still pending because the Federal Bureau of Investigation (FBI)  has not yet completed the mandatory FBI "name check."  *Id.*, Ex. 2.  USCIS has twice requested that the FBI expedite Plaintiff's background check, on June 13, 2006 and July 17, 2006.[1] Declaration of Mary Mischke, Motion to Dismiss, Ex. A, at ¶8.

Plaintiff claims that Defendants failed to adjudicate his naturalization application within 120 days after the December 10, 2004 examination, as required by 8 U.S.C. § 1447(b).  Plaintiff therefore asks this court to make a determination on the application, or, alternatively, to remand the matter to USCIS for immediate decision.

Naturalization Standards and Procedures

Under the applicable provisions of the Immigration and Nationality Act, "[n]o person ... shall be naturalized" unless he meets the following criteria: (1) the applicant must have been a lawful permanent resident residing within the United States for the five years preceding his application for naturalization; (2) the applicant must have resided continuously within the United States from the date of the application up to the time of admission to citizenship; and (3) during all the relevant time periods, the applicant must be a person of good moral character.  8 U.S.C. § 1427(a). In addition, the applicant

---

[1]    The record reflects that there is a processing backlog at the FBI.  For the fiscal year 2005, the FBI processed in excess of 3.7 million name checks.  Declaration of Michael A. Cannon, Motion to Dismiss, Ex. B, at ¶16.  The FBI is currently processing 440,000 residual name check requests from USCIS, in addition to the regular submissions from USCIS, which have been delayed as a result.  *Id.* at ¶¶18, 19.

generally must demonstrate an understanding of the English language, including the ability to read, write, and speak words in ordinary usage, 8 U.S.C. § 1423(a)(1); knowledge and understanding of the fundamentals of United States history and of the principles and form of the United States government. 8 U.S.C. § 1423(a)(2).  Each applicant must also pass a background check for national security reasons. See Pub.L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448, set forth in the historical and statutory notes to 8 U.S.C. § 1446.

There are several procedural requirements governing applications for citizenship. The applicant must first submit a completed Form N-400 Application for Naturalization to USCIS.  *See* 8 C.F.R. § 334.2(a).  After the application for naturalization is filed, USCIS "shall conduct an investigation of the applicant." 8 C.F.R. § 335.1.  When the investigation is completed, each applicant shall appear in person before a USCIS officer for an examination.  8 C.F.R. § 335.2(a).  Prior to the examination, the FBI must perform a criminal background check to determine whether the applicant has an administrative or criminal record, or confirm that the FBI cannot definitively respond because the necessary fingerprints analysis cannot be completed on the available information.[2]  *See* 8 C.F.R. § 335.2(b).  The USCIS requires the completion of four background checks:  (1) a Department of Homeland Security immigration records check; (2) an FBI fingerprint check; (3) an Interagency Border Inspection System check; and (4) an FBI name check.  Mischke Declaration, at ¶2.

"A decision to grant or deny the application shall be made at the time of the initial

---

[2]      In Plaintiff's case, the examination occurred before the background checks were completed, so the agency violated its own regulations.

examination or within 120-days after the date of the initial examination of the applicant for

naturalization under §335.2." 8 C.F.R. § 335.3(a).

Discussion

Plaintiff asserts that the court has jurisdiction of this action under 8 U.S.C. § 1447(b)

because more than 120 days have passed since the examination on his application for

naturalization without issuance of a decision from USCIS.  The statute states:

> If there is a failure to make a determination under section 1446
> of this title before the end of the 120-day period after the date
> on which the examination is conducted under such section,[3]
> the applicant may apply to the United States district court for
> the district in which the applicant resides for a hearing on the
> matter. Such court has jurisdiction over the matter and may
> either determine the matter or remand the matter, with
> appropriate instructions, to the Service to determine the
> matter.

8 U.S.C. § 1447(b) (footnote added).

Defendants first argue that this action should be dismissed for lack of subject matter

jurisdiction because Plaintiff's examination is not complete until his background checks are

finished; thus, the 120 day period has not yet commenced.

The majority of district courts considering the jurisdictional issue[4] have held that the

interview date triggers the 120-day time period referenced in § 1447(b). *See, e.g.*, *Khelifa*

*v. Chertoff*, 433 F. Supp. 2d 836, 840-42 (E.D. Mich. 2006); *El-Daour v. Chertoff*, 417  F.

---

[3]      8 U.S.C. § 1446(d) provides that "[t]he employee designated to conduct
[the] examination shall make a determination as to whether the application should be
granted or denied, with reasons therefor."

[4]      To date, it appears that no Circuit Court of Appeals, or the District of
Colorado, has addressed the jurisdictional question.

Supp. 2d 679, 681-83 (W.D. Pa. 2005); *Nguyen v. Gonzalez*, 2007 WL 713043 at *3 (S.D. Tex. 2007) (citing cases). A minority of courts have adopted the position advanced by the government–that the examination is not complete, and the 120-day period does not begin to run, until all aspects of the examination process are concluded, including the FBI background checks. *See Danilov v. Aguirre*, 370 F. Supp. 2d 441, 444 (E.D. Va. 2005); *Damra v. Chertoff*, 2006 WL 1786246 at *2 (N.D. Ohio. 2006) (citing *Danilov*).

I find that the majority has the better-reasoned view. The statute contemplates that the "examination" occurs on a particular, identifiable date, and does not encompass both the investigation and examination process. The agency's regulation entitled "Examination of Applicant" also supports this interpretation. *See* 8 C.F.R § 335.2(a), (c), (e) (stating that the  examination consists of the applicant's "appear[ance] in person before a Service officer designated to conduct examinations," where the applicant will be questioned and may request the presence of an attorney or representative, at the conclusion of which the Service officer will compile a record). Moreover, 8 C.F.R. § 335.2(b) states that the full criminal background check must be completed before the examination is conducted, indicating that the background check and the examination are separate events. Accordingly, I interpret "examination" as used in § 1447(b) to refer to the date of the applicant's interview; thus, the interview date triggers the 120-day determination period. Because more than 120 days have passed since the plaintiff's interview on December 10, 2004, I conclude that the court has jurisdiction over this action under § 1447(b).

The statute authorizes the federal district court to decide whether the applicant is entitled to naturalization or to remand the matter to USCIS to determine the matter.

§ 1447(b).  Under the circumstances, I find that a remand to the agency is the appropriate course of action.  A person may not be naturalized until the FBI's name check investigation is completed.  *See* § 1446(a); 8 C.F.R. §335.2(b).  The federal courts are not equipped to complete background checks on naturalization applications or process and analyze the information once it is obtained.  *See Khelifa*, 433 F. Supp. 2d at 842-843; *El-Daour*, 417 F. Supp. 2d at 683-84.   Congress has placed initial decision-making authority on naturalization applications with USCIS because of the agency's expertise in that area.

"Generally speaking, a court  . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002).  If Plaintiff is dissatisfied with the agency's decision, he can seek judicial review after exhausting his administrative remedies.

I conclude the best course of action is to remand this matter to Defendants with instructions to complete Plaintiff's background security check within forty-five days of the date of this order and for a prompt administrative determination on Plaintiff's naturalization application after the results of his background security check has been received from the FBI.[5]  Defendants represent that the USCIS can make a determination on the application within sixty days after the FBI completes the background check.  Motion to Dismiss, at 13. Given the facts that the USCIS erroneously held the examination prior to receipt of the results of the background security check, giving rise to this case initially, and that

---

[5]      It is apparent that the FBI background security check is the major cause of the delay in deciding Plaintiff's naturalization application.  Although the USCIS requested expedited handling of the security check in June 2006 and again in July 2006, no action since the requests has been reported to the court.

6

considerable time has passed since Plaintiff was examined in December 2004, I will require the USCIS to act within forty-five days of receipt of the results from the FBI.

Accordingly, it is ordered:

1.    Defendants' motion to dismiss or to remand filed August 9, 2006 (Docket No. 8), is granted in part to remand this case to the USCIS with the following orders:

    a.    **The FBI shall complete Plaintiff's background security check and report the results to the USCIS within forty-five days of the date of this order;**

    b.    **The USCIS shall issue a decision on Plaintiff's pending naturalization application within forty-five days of receipt of the results of the FBI security check.**

2.    The motion to dismiss for lack or jurisdiction and the request to hold the case in abeyance are denied.

3.    The request for a hearing on Plaintiff's naturalization application pursuant to 8 U.S.C. § 1447(b) is denied.

4.    Each party shall bear his own costs.

DATED at Denver, Colorado, on March 21, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge