IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   06-cv-01023-WDM-PAC

ZUHAIR T. MAHD,

    Plaintiff,

v.

MICHAEL CHERTOFF, et al.,

    Defendant(s).
_____

**ORDER**
_____

This matter is before me pursuant to my original Order to Show Cause as modified by my Order on Request to Vacate Hearing.  Given my original Order of Remand, which defendants assert has been followed, defendants argue that I no longer have jurisdiction pursuant to 8 U.S.C. § 1447(b).

Before addressing the jurisdictional issue, I first sought to determine whether my March 22, 2007 Order had been followed.  The Order provides: "The FBI shall complete Plaintiff's background security check and report the results to USCIS within 45 days of the date of this order."  Counsel for defendants represents to me that the FBI had completed the subject "name check and forwarded information concerning the name check to USCIS."  Defendants' Status Report (doc. no. 16), filed May 14, 2007.  Plaintiff contests this information, alleging that he has been told more than once by representatives of USCIS that the name check had not been completed.

At the commencement of the hearing I sought to resolve any factual dispute whether defendants had complied with my March 22, 2007 Order of Remand by requesting from Defendants some documentation that the name check had been completed and was advised that there was no such documentation.  After further colloquy, counsel for Defendants would not even concede that the Plaintiff had passed the name check, even though no concern with the name check is mentioned in the USCIS June 20, 2007 decision denying plaintiff's application.

I am not satisfied that Defendants have complied with my order.  Given some experience with the federal bureaucracy, it is difficult to accept that a required step in the naturalization process would not be documented.  It is also inconsistent with the declaration of Michael A. Cannon, Section Chief of the National Name Check Program Section, which states under penalty of perjury that "[u]pon completion of the name check, the results will be forwarded to USCIS, Washington D.C. in accordance with our normal protocol."  Declaration of Michael A. Cannon, dated August 1, 2006, ¶ 21.  Exhibit B to Defendants' Motion to Dismiss (doc. no. 8).   I question how "results" are forwarded to a separate office without any documentation.

Accordingly, to determine whether Defendants have complied with my Order of Remand, I order that Defendants file, on or before September 14, 2007, documentation, appropriately authenticated pursuant to Fed. R. Evid. 902 or otherwise, demonstrating that the name check process for the Plaintiff has been completed, the date it was

completed, and the result of that process.

DATED at Denver, Colorado, on September 4, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge